**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

REX VICTOR WESTON,

          Petitioner,

        v.

STATE OF ALASKA, *et al.*,

          Respondents.[1]

Case No. 3:26-cv-00113-SLG-MMS

## **ORDER DIRECTING PETITIONER TO FILE NOTICE WITH THE COURT**

Before the Court at Docket 14 is Rex Victor Weston's ("Petitioner") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.[2]  The Petition was referred to the Honorable Magistrate Judge Matthew M. Scoble.[3]  At Docket 14, Judge Scoble issued a Report and Recommendation, in which he recommended that the Petition be dismissed without prejudice, all other motions be denied as moot, that the Clerk of Court enter final judgment, and that a certificate of appealability not issue.[4]  On May 20, 2026, Petitioner filed Objections to the Report and Recommendation.[5]

---

[1] The Court notes that the State of Alaska is not a proper respondent in this case.  *See* Rule 2(a), Rules Governing Section 2254 and 2255 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state **officer** who has custody." (emphasis added)).

[2] Docket 1.

[3] Docket 13.  Petitioner also filed numerous other motions and notices.  Docket 3; Docket 5; Docket 6; Docket 7; Docket 10; Docket 11; Docket 16.

[4] Docket 14 at 6.

[5] Docket 10.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[7] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[8]

The Magistrate Judge recommended that the Court dismiss the Petition without prejudice because (1) the Court lacks jurisdiction since the above captioned respondents, the State of Alaska and Ann B. Black—who appears to be an assistant attorney general—are improper respondents; (2) Petitioner has not exhausted his state court remedies; and (3) the Petition is untimely.[9]

Petitioner objects to Judge Scoble's recommendation to dismiss his § 2254 habeas petition.[10] Petitioner acknowledges that he named improper respondents and indicates that he intends to correct this error after he files a petition for a writ of certiorari to the United States Supreme Court and exhausts his state court

---

[6] 28 U.S.C. § 636(b)(1).

[7] *Id.*

[8] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[9] Docket 14 at 3-6.

[10] *See* Docket 16.

Case No. 3:26-cv-00113-SLG-MMS, *Weston v. State of Alaska, et al.*
Order Directing Petitioner to File Notice with the Court
Page 2 of 4

remedies.[11]  In his Motion to Request Assistance, it appears that Petitioner seeks a Court-appointed attorney to help him address the identified deficiencies.[12]

As an initial matter, the Court clarifies that, to adequately exhaust his state court remedies, Petitioner is not required to file a petition for a writ of certiorari in the United States Supreme Court.  While the filing of such a petition might impact the date on which the one-year time period for the filing of a § 2254 petition begins, it is not required for exhaustion purposes.[13]

Next, on *de novo* review, the Court agrees with the Report and Recommendation's conclusion that Petitioner has not named a proper respondent. However, it is unclear whether Petitioner is in state custody for the conviction that he identified in his Petition and therefore whether he will be able to name proper Respondents.   Petitioner was sentenced in November 2012 to five years imprisonment on the felony driving under the influence conviction he identified in his Petition.[14]  In his Petition, Petitioner provides that "[s]ince the sentenced

---

[11] Docket 15 at 1.

[12] *See* Docket 16.

[13] *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

[14] Docket 1 at 1, 14.

Case No. 3:26-cv-00113-SLG-MMS, *Weston v. State of Alaska, et al.*
Order Directing Petitioner to File Notice with the Court
Page 3 of 4
Case 3:26-cv-00113-SLG-MMS     Document 17     Filed 07/01/26     Page 3 of 4

defendant got released on February 27, 2016, but [he] got arrested May 21, 2016 and the PCR was still in the Court of Appeals waiting for a decision."[15]

A court may entertain a petition for writ of habeas corpus on behalf of a petitioner who is in state custody on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."[16]  A petitioner must be "in custody" under the conviction or sentence the petition attacks when the petitioner files a federal habeas corpus petition.[17]  Here, the face of the Petition suggest that Petitioner is not in state custody under the conviction or sentence the petition attacks.  Therefore, **Petitioner shall file a Notice to the Court within 30 days of the date of this order as to whether he is in state custody serving the sentence imposed for his state felony DUI conviction.**

DATED this 30th day of June, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[15] Docket 1 at 14.

[16] 28 U.S.C. § 2254(a).

[17] *See Maleng v. Cook*, 490 U.S. 488, 490-491 (1989); *Allen v. State of Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998).

Case No. 3:26-cv-00113-SLG-MMS, *Weston v. State of Alaska, et al.*
Order Directing Petitioner to File Notice with the Court
Page 4 of 4
Case 3:26-cv-00113-SLG-MMS    Document 17    Filed 07/01/26    Page 4 of 4